# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Johnny Ray Gambrell, ) | |
| ) | Civil Action No. 2:13-cv-02911-JMC |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Johnny Ray Gambrell ("Petitioner"), proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254 on October 24, 2013. (ECF No. 9.) Respondent, Warden of Broad River Correctional Institution ("Respondent"), filed a Motion for Summary Judgment (ECF No. 26), which was granted on January 21, 2015, following the Report and Recommendation ("Report") of Magistrate Judge Wallace W. Dixon (ECF No. 36). (ECF No. 46.) This matter is before the court on Petitioner's Motion for Reconsideration ("Motion").[1] (ECF No. 49.)

For the reasons set forth herein, the court **DENIES** Petitioner's Motion.

## I. RELEVANT FACTUAL BACKGROUND

The Magistrate Judge issued the Report recommending Summary Judgment in favor of Respondent on December 9, 2014. (ECF No. 36.) Included in the Report was a Notice of Right to File Objections to the Report and Recommendation, instructing the parties to file any objection within fourteen (14) days of the date of service. (ECF No. 36 at 35.) Petitioner filed a

---

[1] Petitioner styles his Motion as an affidavit in opposition to summary judgment pursuant to Fed. R. Civ. P. 56(c), however, because summary judgment has already been granted in this case, the court will construe Petitioner's Motion as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

1

Motion for Extension of Time to File (ECF No. 38) on December 22, 2014, and the court granted an extension to January 6, 2015 (ECF No. 39).  Petitioner filed a Second Motion for Extension of Time to File on January 5, 2015 (ECF No. 41), and the court granted an extension to January 20, 2015 (ECF No. 42).

Petitioner did not file any objections to the Report, and the court adopted the Report on January 21, 2015, granting Respondent's Motion for Summary Judgment (ECF No. 26), and dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).  (ECF No. 46.)  Petitioner filed his Motion with the court on February 6, 2015.  (ECF No. 49.)

## II. LEGAL STANDARD AND ANALYSIS

Rule 59(e) provides civil litigants the opportunity to petition the court to alter or amend a judgment within twenty-eight days after judgment is entered.  Fed. R. Civ. P. 59(e).  Rule 59(e) serves "'to allow the court to reevaluate the basis for its decision.'" *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting *Keyes v. National R.R. Passenger Corp.,* 766 F. Supp. 277, 280 (E.D. Pa. 1991)).  "[A] court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)); *see Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005); *United States v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).  When a movant asserts that the court has made a clear error of law the movant must point to an actual error in the court's analysis, not just a point of disagreement.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("mere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works, L.L.C.*,

2

2007 WL 2021901 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted."). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

The court finds that Petitioner has failed to set forth any intervening change in the law or new evidence that would alter the court's decision to grant Respondent summary judgment and dismiss Petitioner's Petition for Writ of Habeas Corpus. Petitioner has merely reiterated arguments already addressed, and attempted to bring forth new claims not addressed in his Petition for Writ of Habeas Corpus (ECF No. 1). The court is also satisfied that no clear error of law or manifest injustice has resulted from its January 21, 2015 order (ECF No. 46).

In his Motion, Petitioner reiterates his claim for ineffective assistance of trial counsel, and for the first time, raises a claim for ineffective assistance of Post-Conviction Relief counsel. (ECF No. 49 at 3.) Petitioner states:

> My PCR in the Anderson County Court of Common Pleas was an "unreasonable application of" *Strickland v. Washington* because my first murder trial in 2005 that resulted in a hung jury was not advanced [*sic*] to the second trial to prove the incompetence of trial counsel by not arguing the State's complete lack of evidence to meet each element of the indicted charge beyond a reasonable doubt.

(*Id*.) Additionally, Petitioner alleges his attorney during the Post-Conviction Relief proceedings was incompetent because the attorney's practice focuses on real estate and not criminal appeals. (*Id*.) Petitioner's claims for ineffective assistance of trial counsel were fully addressed in the Report. (ECF No. 36 at 15–18, 21–34.) Petitioner raises for the first time the claim that his

3

Post-Conviction Relief counsel rendered ineffective assistance, but offers no explanation for why he could not have argued this claim in his petition.

Petitioner further alleges that the state "has not sustained its burden—nor can they [*sic*]—of proving that there are no genuine issues of material fact in this habeas writ." (ECF No. 49 at 3.) Petitioner provides no factual support for his legal conclusion, but merely states that he will "make a definitive showing of 'actual innocence'" at some time in the future. (*Id*. at 4.) As such, Petitioner presents no change in the controlling law, no new evidence or facts that were unavailable to him at trial, and no clear error of law or manifest injustice to support altering or amending the judgment of the court.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the record of this case, it is therefore ordered that Petitioner's Motion to Alter or Amend Judgment (ECF No. 49) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 16, 2015
Columbia, South Carolina

4